■ In the Matter of STEVE ZAKHEIM, Appellant, v TOWN OF FALLSBURG et al., Respondents. [768 NYS2d 695]—

Carpinello, J. Appeal from an order of the Supreme Court (Kane, J.), entered September 25, 2002 in Sullivan County, which, in a proceeding pursuant to RPTL article 7, denied petitioner's motion for summary judgment.

Petitioner is the owner of numerous properties in the Town of Fallsburg, Sullivan County, including two parcels that are the subject of this tax certiorari proceeding. In 1999, petitioner received approval from the Village of Woodridge Planning Board to develop these parcels, as well as other contiguous parcels, into condominiums. As of March 1, 2001, however, petitioner had not yet filed a condominium declaration for the subject parcels (see Real Property Law § 339-f). Accordingly, respondent Michael Pilmenstein, the Assessor for the Town of Fallsburg, assessed the parcels on a fee simple basis rather than treating them as condominiums (see Real Property Law § 339-y; RPTL 581). Petitioner filed a grievance, contending that the parcels, if properly treated as condominiums, should have been assessed at 10% of the values calculated by Pilmenstein. Respondent Board of Assessment Review denied the grievance prompting the instant proceeding. Supreme Court denied petitioner's subsequent motion for summary judgment on the issue of the proper basis for valuing the parcels, and he now appeals.

We affirm. Under the Condominium Act (see Real Property Law art 9-B), a condominium property can receive favorable unit-based tax treatment (see Real Property Law § 339-y; RPTL 580) only if the property has been "submitted" to the provisions of the act by executing and recording a declaration to that effect (see Real Property Law §§ 339-f, 339-y [1] [a]; [2] [d]; [3]). Petitioner concedes that he did not file such a declaration with regard to the subject parcels until after the appropriate tax status date, but nonetheless contends that the parcels should have been assessed as condominiums. We disagree. Petitioner did not file the requisite declaration with regard to the subject parcels prior to March 1, 2001 and, thus, did not submit these parcels to the provisions of the Condominium Act. Accordingly, the parcels are not eligible for condominium tax treatment in

accordance with the act's provisions, despite their anticipated future use as condominiums.

Cardona, P.J., Crew III, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.